■ BENEDETTA PISCITELLO, Respondent, v ARTHUR BRANDT, Appellant. [769 NYS2d 887]—

Order, Supreme Court, New York County (Ira Gammerman, J.), entered on or about January 22, 1999, which, on renewal and reargument, vacated a prior order of the same court and Justice (which had granted defendant's motion on default for summary judgment on his counterclaims and dismissal of the complaint) and denied summary judgment, unanimously affirmed, with costs. Order, same court (Louise Gruner Gans, J.),

entered on or about May 14, 2002, which, insofar as appealed from, denied defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, with costs.

Plaintiff alleges she was fraudulently induced to enter into a net lease agreement by misrepresentations as to the condition of the premises, the rent roll and the cost of restoration. Issues of fact are raised with respect to whether a $400,000 prepayment constituted rent, an option to purchase or some other item; whether misrepresentations were made regarding the nature of the agreement and plaintiff's ability to finance the purchase; and whether defendant's attorney inappropriately represented both parties to the transaction. Since defendant failed to enter judgment on the grant of his original motion to dismiss, plaintiff's reargument motion was timely.

Contrary to the recital in the net lease agreement, the writing does not constitute the entire agreement between the parties (*cf. Fogelson v Rackfay Constr. Co.*, 300 NY 334, 340 [1950]). The $400,000 prepayment, conceded by defendant to have been an integral part of the transaction, was neither included in the net lease agreement nor disclosed to defendant's attorney, who drafted the agreement (*see Allied Sheet Metal Works v Kerby Saunders, Inc.*, 206 AD2d 166, 171 [1994]).

As to the counterclaims, there are issues of fact as to whether a judgment of possession predicated on nonpayment of rent was properly obtained inasmuch as the measure of rent prepayment is uncertain. In any event, rescission of the net lease would obviate any judgment obtained thereunder. Concur—Nardelli, J.P., Sullivan, Rosenberger, Lerner and Gonzalez, JJ.